## LEWIS HOZIER *v.* THE STATE.

1. ACCOMPLICE TESTIMONY — CHARGE OF THE COURT. — The meaning of the terms "corroborating evidence" is plain, and no definition of them need be attempted in a charge upon the law governing accomplice testimony.

2. BURDEN OF PROOF. — Defendant having interposed the plea of *autrefois acquit*, the burden of proof, to that extent, was upon him.

APPEAL from the District Court of Grayson. Tried below before the Hon. J. BLEDSOE.

The opinion sufficiently discloses the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.   This appeal is prosecuted by defendant from a judgment of conviction for the theft of two mules, the property of one S. N. Bradley.

Defendant first filed a plea of *autrefois acquit*, and afterwards the plea of not guilty.   The court below submitted the special plea of defendant to the jury with the plea of not guilty.   The jury found his special plea not true, and also found him guilty as charged in the indictment, and assessed his punishment at ten years' confinement in the penitentiary.

A motion for new trial was made and overruled.   The ruling of the court on the motion for new trial is assigned as error, and presents all the material questions on which defendant relies for a reversal of the judgment.   The matters complained of in the motion are as follows, viz. : —

"1. The court erred in charge No. 3, in this : that the jury are not instructed as to what is meant by corroborating evidence, nor whether such corroboration must be of a material fact or facts.

"2. The court erred in charge No. 5, in this : that it is calculated to mislead the jury, by directing that the defendant must prove the truth of his plea in bar ; and has the effect to take from their consideration such proof, if any, that may have been testified to by the witness for the State.

"3. The verdict of the jury is contrary to the law and the evidence, and is not supported by the evidence."

The third subdivision of the charge of the court is as follows : "If you believe, from the evidence, that David Terrell, the witness, was engaged with the defendant in the commission of the offence charged, or in any manner aided or assisted him in the commission of the offence, knowing the unlawfulness of the act ; or if, before the act was done, he advised, commanded, or encouraged defendant to commit the offence, though such aid may not have been given, the defendant cannot be convicted upon the testimony of said Terrell alone, unless corroborated by other

testimony tending to connect him with the offence committed; and the corroboration is not sufficient if it merely shows the commission of the offence. The corroborating testimony may be either direct or circumstantial."

We do not think it was necessary for the court to have further instructed the jury as to what is meant by " corroborating evidence." The jury, it seems to us, needed no additional instruction as to the meaning of these words, for words of plainer import could not have been used. This objection to the charge of the court is not well taken.

The fourth and fifth subdivisions of the charge of the court are as follows : —

4. " The burden of proving the truth of the facts set forth in defendant's plea of former acquital — that is, that the offence charged in this case is the same, or was committed at one and the same time and place with the one charged in the indictment No. 1880 — is on him.

5. " The defendant is presumed to be innocent until his guilt is established by legal evidence ; and if you have a reasonable doubt of his guilt, you will acquit him."

It is evident that the defendant, in the second ground of his motion for new trial, intended to refer to the fourth, instead of the fifth, paragraph of the charge of the court.

When a defendant interposes a plea of *autrefois convict*, or *autrefois acquit*, the *onus* of proving such special plea is on him. The defendant asserts the affirmative of the issue, and the obligation rests on him to prove it. 1 Greenl. on Ev., sect. 74; Roscoe's Cr. Ev. 185; *Ake* v. *The State*, decided at the present term of this court, *ante*, p. 398.

The proof on the part of the State shows that the mules described in the indictment were stolen from S. N. Bradley, their owner, in Grayson County, three miles from the city of Denison, on the twenty-eighth day of June, 1877. Shortly before the mules were taken, defendant had been at work near the house of Bradley, their owner, and had

camped there several days. On the day after the mules were stolen, the State's witness Morton saw the defendant (riding on a roan gelding) leading one of the stolen mules and driving the other before him. He was travelling rapidly, going in the direction of Rock Bridge Ferry, on Red River. About two weeks afterwards the same mules were found in the Chickasaw Nation, in the Indian Territory, at John Peacock's place; and the defendant was seen there, going by a different name. There was no evidence on the part of the defence.

We think the testimony supports the verdict of the jury, and have failed to discover any reason why we should disturb the judgment. It is therefore affirmed.

*Affirmed.*